UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DAWN MANISCALCO                                   CIVIL ACTION

VERSUS                                            NO: 12-1829

AEP ELMWOOD, LLC                                  SECTION: R

**ORDER AND REASONS**

Before the Court is defendant AEP Elmwood LLC's ("AEP") motion to dismiss. For the following reasons, the Court denies defendant's motion.

**I.   BACKGROUND**

On December 30, 2011, the M/V Glen Fontenot, a ship owned and operated by AEP, capsized on the Mississippi River near Reserve, Louisiana ("the Incident"). Jeffrey Maniscalco and Cotie Sutton were both aboard the ship, and neither survived.

On April 18, 2012, AEP filed a limitation of liability proceeding in this Court.[1] On August 23, 2012, the Court approved the limitation proceeding and ordered that all of the claims arising from the Incident be filed in this Court on or before July 19, 2012.[2] Further, this Court issued a Restraining Order

---

[1]   R. Doc. 1 (12-993).

[2]   R. Doc. 3 (12-993).

(1) restraining and enjoining all claims and proceedings against the M/V Glen Fontenot or AEP, (2) ordering any pending actions against the vessel or AEP to cease, and (3) enjoining the further prosecution of any action or proceeding against the M/B Glen Fontenot and AEP arising out of the Incident until the termination of the limitation proceeding.[3]

On July 13, 2012 Dawn Maniscalco, as personal representative of Jeffrey Maniscalco, filed an answer to AEP's complaint for limitation of liability, as well as a claim for damages arising from Jeffrey Maniscalco's death.[4] At the same time, Dawn Maniscalco filed a second complaint for damages against AEP arising out of the same Incident as her claim in the limitation proceeding.[5] This second complaint is at issue in this motion.

Defendant AEP now moves to dismiss plaintiff's second complaint because it violates this Court's Restraining Order "enjoining all claims and proceedings against the M/V Glen Fontenot or AEP" arising out of the incident except those filed in the limitation proceeding itself.[6]

---

[3]  *Id.*

[4]  R. Doc. 4 (12-993).

[5]  R. Doc. 1.

[6]  R. Doc. 3 (12-993).

**II. DISCUSSION**

After considering the posture of this case, the Court determines that the appropriate action is to modify its August 23, 2012 injunction to allow plaintiff to file her claim in order to preserve her rights under the Jones Act. Additionally, the Court will consolidate plaintiff's claim with the limitation proceeding pursuant to Federal Rule of Civil Procedure 42(a). Rule 42(a) provides that a court faced with actions involving "a common question of law or fact" may "consolidate the actions." Fed R. Civ. P. 42 (a)(2). Consolidating these actions will avoid "unnecessary cost and delay." Fed. R. Civ. P. 42(a)(3). Because all of the proceedings are before the same judge, the Court can structure the proceeding to preserve AEP's limitation rights, as well as Maniscalco's potential jury trial rights in the most efficient manner.

**III. CONCLUSION**

For the foregoing reasons, the Court (1) denies defendant's motion; (2) modifies the injunction to allow plaintiff to file her claim; and (3) consolidates plaintiff's action with the limitation proceeding.

New Orleans, Louisiana, this 20th day of September, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE